# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TIMOTHY M. GUSTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-00242-CV-RK |
| | ) |
| NANCY A. BERRYHILL, ACTING | ) |
| COMMISSIONER OF SSA; | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying supplemental security income and disability insurance benefits. The decision of the Commissioner is **AFFIRMED.**

## Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The

Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: obesity, lumbar spine degenerative disc disease (DDD), status post laminectomy and fusion surgery, hip arthritis, chronic pain syndrome, and tobacco dependence. The ALJ determined that Plaintiff has the following non-severe impairments: hypertension, hypertriglyceridemia, prediabetes, and depression. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that, despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform a reduced range of sedentary work as defined in 20 § C.F.R. 404.1567(a) with limitations. Although the ALJ found Plaintiff unable to perform any past relevant work, the ALJ found jobs exist in significant numbers in the national economy that Plaintiff can perform. Therefore, the ALJ determined Plaintiff was not disabled from January 1, 2013, through the date of the ALJ's decision.

On appeal, Plaintiff raises the following issues: (1) whether the weight given to Dr. Hamilton and nurse practitioner Smith was proper, (2) whether the ALJ fully and fairly developed the record, and (3) whether the ALJ's determination of Plaintiff's credibility was supported by substantial evidence.

Substantial evidence supports the weight the ALJ awarded to Dr. Hamilton and nurse practitioner Smith.[1] The ALJ gave Dr. Hamilton's opinion great weight. During Dr. Hamilton's examination, Dr. Hamilton refused to fill out disability paperwork for Plaintiff. Despite Plaintiff's argument to the contrary, Dr. Hamilton's refusal to fill out disability paperwork is not a statement concerning Plaintiff's disability status. See 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); *Ellis v. Barnhart*, 392 F.3d 988, 994-95 (8th Cir. 2005) (a medical opinion concerning whether a claimant is disabled is an issue reserved for the ALJ). Further, there is substantial evidence in the record that supports the ALJ's finding that Plaintiff is not disabled without consideration of Dr.

---

[1] *See Renstrom v. Astrue*, 680 F.3d 1057, 1064-65 (8th Cir. 2012) ([i]t is the province of the ALJ to weigh the medical opinions of record, formulate Plaintiff's RFC, and make the ultimate disability determination).

2

Hamilton's refusal to fill out disability paperwork. *See Smith*, 756 F.3d at 625 ("If the ALJ's decision is supported by substantial evidence, we may not reverse even if substantial evidence would support the opposite outcome"). For instance, Dr. Hamilton chose not to escalate Plaintiff's pain medication, and Dr. Hamilton's opinions were consistent with the objective medical evidence in the record, including imaging studies, physical examination findings, and Dr. Hamilton's treatment notes.

The ALJ awarded nurse practitioner Smith's opinion great weight.[2] In considering her opinion, the ALJ noted that Smith is an "other medical source."[3] Although Plaintiff argues the ALJ improperly weighed Smith's opinion, the ALJ found that Smith's opinion was consistent with Dr. Hamilton's opinion, the imaging studies, and the physical examination findings in the medical record. "Opinions from 'other medical sources' may reflect the source's judgment about some of the same issues addressed in medical opinions from 'acceptable medical sources,' including symptoms, diagnosis and prognosis, what the individual can still do despite the impairment(s), and physical and mental restrictions." Social Security Ruling (SSR) 06-03p.[4]

Next, Plaintiff argues the ALJ did not fully and fairly develop the record when formulating Plaintiff's RFC. While the ALJ has a duty to develop the record, reversal for failure to develop the record is required only when the failure to develop the record is unfair or prejudicial to the plaintiff. *Ellis*, 392 F.3d at 994. Plaintiff argues the ALJ failed to obtain a medical opinion regarding Plaintiff's functional limitations. However, when determining Plaintiff's functional limitations, the ALJ considered the opinions of Plaintiff's medical providers that Plaintiff's medications were effective for his pain, Plaintiff walked normally, and Plaintiff had normal muscle strength and motor function.[5] Substantial evidence supports the ALJ's decision concerning the development of the medical record.

---

[2] In her decision, the ALJ mistakenly cited Smith's opinion as Ms. Ceja-Bolanos' opinion, another nurse who treated Plaintiff that day. Aside from this typographical error, Smith's opinion as referenced by the ALJ is consistent with her statement in the record.

[3] A nurse practitioner is considered an "other medical source." *Lacroix v. Barnhart*, 465 F.3d 881, 885-86 (8th Cir. 2006).

[4] Although SSR 06-03p has been rescinded, it was in effect at the time of the decision. *See* SSR 06-03p ("Rescinded by Federal Register Notice Vol. 82, No. 57, page 15263 effective March 27, 2017").

[5] *See Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) (the ALJ is not required to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped); *Buford v. Colvin*, 824 F.3d 793, 797 (8th Cir. 2016) (rejecting the plaintiff's argument "that the record before the ALJ was not adequately developed because it does not contain an opinion from a treating or consultative doctor

Finally, Plaintiff argues the ALJ improperly evaluated Plaintiff's subjective complaints when formulating Plaintiff's RFC. The evaluation of a plaintiff's subjective complaints is "primarily for the ALJ to decide, not the courts." *Igo v. Colvin*, 839 F.3d 724, 731 (8th Cir. 2016). The Court will "defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Guilliams*, 393 F.3d 798 at 801. *See Davis v. Apfel*, 239 F.3d 962, 967 (8th Cir. 2001) (subjective complaints of pain may be discredited by performance of daily activities that are inconsistent with such complaints); *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010) ("[i]f an impairment can be controlled by treatment or medication, it cannot be considered disabling"); *Bernard v. Colvin*, 774 F.3d 482, 487 (8th Cir. 2014) (noncompliance with treatment contradicts Plaintiff's subjective complaints of disabling symptoms); *Bryant v. Colvin*, 861 F.3d 779, 783 (8th Cir. 2017) (inconsistencies between Plaintiff's statements and other evidence may contradict his or her subjective complaints). Substantial evidence in the record as a whole supports the ALJ's decision to discount Plaintiff's subjective complaints.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE, ORDERED that the decision of the Commissioner is **AFFIRMED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 23, 2018

---

as to [his] work related limitations"); *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 372 (8th Cir. 2016) (the ALJ was not required to seek additional information from treatment providers where the information from the medical source did not list specific functional limitations, but the plaintiff's medical records, function reports, and testimony indicated plaintiff was able to perform work).